JAIME RIGAU, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 763.—*Sometido:* Mayo 6, 1929. *Resuelto:* Mayo 10, 1929.

Documentación remitida al Supremo por el recurrido de acuerdo con la ley. El registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

A una escritura de hipoteca voluntaria otorgada en 12 de abril de 1929 ante el Notario D. E. López Acosta, por Enrique Rigau y García a favor de Jaime Rigau, y presentada para inscripción en el Registro de la Propiedad de San Germán, puso el registrador la nota que sigue:

"Inscrito el documento que precede, en cuanto al derecho de hipoteca de las cuatro fincas letras A, B, D y C que comprende, a los folios 14, 17 V, 173 y 167 de los tomos 35, 35 de Lajas, y 22 y 26 de Sabana Grande, fincas Nos. 519 duplicado, 268 duplicado, 465 duplicado y 201 duplicado e inscripciones 8 A, 7 A, 7 A y 6 A de Dominio, y Denegado en cuanto a la renuncia del derecho de HOMESTEAD que hace el deudor a favor del acreedor por observar que siendo el hipotecante viudo no acredita que no tenga hijos, quienes en todo caso tienen ese derecho en algunas de las fincas sobre las cuales se ha constituido el gravamen, pudiendo ésas tener un valor adecuado que además de la carga establecida responda de la cantidad que la ley reserva y establece como Homestead. Se entiende que los hijos que haya no pueden ser perjudicados en el futuro por tal renuncia, que es un derecho que para ellos también reserva la ley sobre la materia. Si su esposa existiera, para que tal renuncia surtiera efecto, sería requisito el consentimiento de ella, pero habiendo fallecido, los hijos de ella habidos en el matrimonio con el deudor hipotecario, la representan en todos sus derechos. Igual derecho tienen los otros hijos que aquél tuviese en otro matrimonio o por cualquier otro concepto legal, repitiendo, por lo tanto, que tal renuncia del viudo no tiene valor en este caso. Sec. 2–3 de la Ley de Homestead. Y al sentar esta teoría el Registrador no va más allá de lo que estatuye la ley, puesto que el propósito de la misma al establecer el Homestead, es proteger también a la familia en su integridad y no al individuo, que por el momento es el Jefe de la familia. Además, siempre el estado está interesado en que un ciudadano no sea despojado de sus medios de vida y reducido a la indigencia. 29 C. J. 782–3. En esta Isla de Puerto Rico el derecho de Homestead es estatutorio. No empece que las fincas las haya adquirido siendo soltero o viudo, pues como hemos sostenido siem-

pre, si existen hijos al establecerse tal renuncia, la forma de adquirir no puede alterar en nada el derecho de los hijos en el Homestead, teniéndose en cuenta los altos principios que informan dicha Ley. Citamos también la resolución del Hon. Tribunal Supremo de esta Isla en el caso No. 737, Enrique Ramírez v. Registrador de San Germán, resuelto en 8 de marzo del corriente año. En su consecuencia tomo anotación preventiva por el término legal de dicha renuncia del derecho de Homestead a favor del acreedor. Dichas fincas sólo se hallan afectas, además de la carga objeto del documento, a una hipoteca por $2,200 a favor del Federal Land Bank of Baltimore.''

No se ha establecido recurso; pero se ha remitido la documentación, de acuerdo con el mandato de la ley.

No podemos confirmar la nota denegatoria. De acuerdo con el estatuto no es necesario el consentimiento de los hijos en esa renuncia. Y aparte de esto, el registrador, al calificar debe atenerse a lo que se ordena en los artículos 18 y 65 de la Ley Hipotecaria y 110 de su Reglamento.

Aparte de lo dicho, si el defecto o falta pudiera ser señalado, no sería calificable de insubsanable *a priori*.

*La nota del Registrador de la Propiedad de San Germán a que se refiere este caso debe revocarse.*